UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

STANLEY OLENJICZAK,

          Defendant.

_____

**DECISION AND ORDER**

1:15-CR-00142 EAW

At a court appearance on October 24, 2017, Defendant handed up a *pro se* letter requesting that the Court grant him bail due to various alleged medical conditions. As requested by defense counsel at the appearance, the Court has arranged to file the letter. The filing has been sealed because the letter references Defendant's alleged medical issues.

Although criminal defendants possess both the right to appear *pro se* and to appointed counsel, ordinarily, "those rights cannot be both exercised at the same time." *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2d Cir. 1977) (quoting *United States v. Mitchell*, 137 F.2d 1006, 1010 (2d Cir. 1943)). Thus, "a criminal defendant has no constitutional or statutory right to represent himself as co-counsel with his own attorney." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) (citing *Ennis*, 560 F.2d at 1075); *see also United States v. Stevens*, 83 F.3d 60, 67 (2d Cir. 1996) ("defendant has no absolute right" to serve as co-counsel in his defense). Whether to permit such "'hybrid representation' lies solely within the discretion of the trial court." *Tutino*, 883 F.2d at 1141 (citing *O'Reilly v. New York Times Co.*, 692 F.2d 863, 869 (2d Cir. 1982)). A court need not permit hybrid representation if a defendant does not offer a "compelling reason," *id.*, or show that "the

interests of justice [would be] served by a defendant's supplementation of the legal services provided by his retained counsel," *United States v. Swinton*, 400 F. Supp. 805, 806 (S.D.N.Y. 1975); *see also United States v. Muyet*, 985 F. Supp. 440, 441 (S.D.N.Y. 1998) (denying defendant's motion to submit *pro se* amendments to his attorney's post-trial motions).

Where the Court declines to exercise its discretion to permit hybrid representation, the Court may deny any pending *pro se* motions. *See United States v. D'Souza*, No. CR-88-00374, 1992 WL 151920, at *2 (E.D.N.Y. June 17, 1992) (denying defendant's *pro se* motions without prejudice to later presentation through counsel).

Here, attorney Michael J. Stachowski represents Defendant. Defendant has not offered a compelling reason as to why the Court should allow Defendant to submit a request for bail on his own behalf, nor has Defendant demonstrated that the interests of justice would be served by his supplementation of the legal services already being provided to him by Mr. Stachowski. Indeed, Defendant's *pro se* submission does not explain why he has proceeded on his own behalf with respect to the requested relief. Mr. Stachowski has previously requested bail on Defendant's behalf, including the most recent application that Mr. Stachowski filed before this Court (Dkt. 574), which the Court denied (Dkt. 707). Accordingly, to the extent that Defendant's letter could be construed as a formal motion, it is hereby denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   November 27, 2017
         Rochester, New York