UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                v.

DAVID PIRK, ANDRE JENKINS, a/k/a
Little Bear, TIMOTHY ENIX a/k/a Blaze,
ROBERT OSBORNE, JR., STANLEY
OLEJNICZAK, and SEAN MCINDOO
a/k/a Professor,

                Defendants.
_____

**DECISION AND ORDER**

1:15-CR-00142 EAW

The above-named defendants are scheduled to proceed to trial in this matter commencing on January 16, 2018. Defendant Sean McIndoo has filed a motion requesting various relief in connection with the empaneling of a jury in this case. (Dkt. 915). The Court addressed the motion at a pretrial conference conducted on December 12, 2017, indicating, for the reasons stated on the record, that the requested relief would be granted in part and denied in part. The purpose of this Decision and Order is to memorialize the Court's findings with respect to Mr. McIndoo's discovery requests for certain materials regarding the jury pool.

**I.    Authority for Disclosure of Jury Selection Materials**

The Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861 *et seq.* ("JSSA") provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district . . . wherein the court convenes." 28 U.S.C. § 1861. It requires district courts to

devise a plan for random jury selection that ensures the random selection of a fair cross section of the community. *Id.* § 1863(b)(3).

Section 1867 specifies the procedures for challenging jury selection procedures under the JSSA. *See id.* § 1867. Section 1867(f) provides that:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section, until after the master jury wheel has been emptied and refilled pursuant to section 1863(b)(4) of this title and all persons selected to serve as jurors before the master wheel was emptied have completed such service. The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion. Any person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both.

*Id.* § 1867(f).

In *Test v. United States*, 420 U.S. 28 (1975), the Supreme Court stated that § 1867(f) "makes clear that a litigant has essentially an unqualified right to inspect jury lists" and "grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures." *Id.* at 30. The Supreme Court reasoned that, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge," so, as a result, "an unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose." *Id.*

Moreover, "[b]ecause the right of access to jury selection records is 'unqualified,' a district court may not premise the grant or denial of a motion to inspect upon a showing of probable success on the merits of a challenge to the jury selection provisions." *United*

*States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Potts*, 538 F. App'x 434, 437 (5th Cir. 2013) (holding that, because right to inspect is unqualified, no prima facie case of defective jury selection is necessary); *United States v. Savage*, Criminal Action Nos. 07–550–03, 07–550–04, 07–550–05, 07–550–06, 2012 WL 4616099, at *5 (E.D. Pa. Oct. 2, 2012) ("A defendant need only allege that he is preparing a motion to challenge the jury selection process in order to avail himself of the right of access to jury selection records." (internal quotation marks and citation omitted)).

Nonetheless, the right to access material under the JSSA is not unfettered. *See United States v. Gotti*, No. S8 02CR743(RCC), 2004 WL 2274712, at *6 (S.D.N.Y. Oct. 7, 2004); *accord United States v. Davis*, No. 06 CR. 911 (LBS), 2009 WL 637164, at *15-16 (S.D.N.Y. Mar. 11, 2009) (observing that "there is no absolute right of access to all materials relating to grand jury selection" and disclosing only "the District's Master Plan for jury selection"). A defendant's "unqualified right to records or papers encompasses only such data as [a defendant] needs to challenge the jury selection process." *United States v. O'Reilly*, No. 05-CR-80025, 2008 WL 115537, at *3 (E.D. Mich. Jan. 10, 2008), *order clarified on reconsideration*, No. 05-80025, 2008 WL 283999 (E.D. Mich. Feb. 1, 2008). In other words, "[t]he JSSA is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court." *Savage*, 2012 WL 4616099, at *5. *See also United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997) (§ 1867(f) requires access "only to records and papers already in existence," but "nothing . . . entitles defendants to require the jury administrator to analyze data on their behalf.").

## II. Application

In the present case, Mr. McIndoo has indicated that disclosure of certain materials related to jury selection is necessary for the preparation of a motion challenging the jury selection process. (*See* Dkt. 915 at 6-7). That is all that is required to obtain access to materials under § 1867(f). *See, e.g., Royal*, 100 F.3d at 1025. However, that does not mean that Mr. McIndoo is entitled to all the information that he seeks. *See, e.g., Gotti*, 2004 WL 2274712, at *6. At the appearance on December 12, 2017, Mr. McIndoo's counsel refined his requests. Each of the requests is addressed below.

1. **Copies of any screening or qualification questionnaires or biographical questionnaires to be sent to prospective jurors or made available on "eJUROR" through the court's web site.**

Mr. McIndoo's counsel confirmed that he is seeking the form of the questionnaire that is sent to prospective jurors. The jury administrator sends out only one questionnaire, and the form of that questionnaire is attached to Mr. McIndoo's motion. (Dkt. 915 at 26-27). Thus, Mr. McIndoo's request for this information is moot.

2. **The exact sources from which the venire is being or has been selected, and for each source, the date as of which the data was current, including the source of previously deferred jurors who are brought into this jury pool and information how deferred jurors are dispersed to subsequent venires.**

As indicated at the appearance on December 12, 2017, no deferred jurors (i.e. prospective jurors who were summoned in a prior jury pool but whose attendance was deferred) will be part of the jury pools used to select the jury in this case. The Court has also confirmed that, consistent with this District's Jury Plan, as amended October 31, 2016, the August 2017 Jury Wheel for this District, consisting of 30,000 names, is comprised of

data from the following sources: New York State Board of Elections–Voter Registration Data; New York State Department of Motor Vehicles–Registered Drivers Data; New York State Office of Temporary and Disability Assistance (OTDA)–Public Assistance Data; New York State Department of Labor–Unemployment Recipient Data; and New York State Department of Taxation and Finance–Tax Payer Data. The data provided by these sources is merged and any duplication among the lists is purged, resulting in the combined source list. The District received the data from the various state data sources through June 2017, but the exact date of currency of the information was not reported with the data when it was provided.

**3. Copies of all of the returned questionnaires by potential jurors.**

As discussed at the appearance on December 12, 2017, Mr. McIndoo's counsel has refined this request to seek the demographic data information for three jury pools constituted in November 2017, which will likely serve as at least part of the basis for the prospective jurors summoned for jury selection in this case. The information is in an electronic format and will be distributed to Mr. McIndoo's counsel and the Government. It consists of Excel spreadsheets reflecting the following data for each individual who has returned a questionnaire with respect to the three jury pools: city/town, zip code, participant number, jury pool number, gender, race,[1] age, and county.

---

[1] The references to race will be set forth by number in the column labeled "race_code", consistent with the reporting on the questionnaire, which is defined as follows: 1 (Black/African American); 3 (White); 4 (Native Hawaiian/Pacific Islander); 5 (American Indian/Alaska Native); 6 (Asian); 7 (Other); 8 (Multi-Race); and 9 (Unknown).

The information is broken down into the following reports containing this demographic information for each of the three pools:

(1) the "Responded Report" reflecting those prospective jurors who have responded and appear qualified to serve;

(2) the "Excused Report" reflecting those prospective jurors who are excused from service consistent with the District's Jury Plan (*see* "Exemptions from Jury Service" and "Excuse from Jury Service Upon Individual Request" and "Temporary Excuses" as set forth in United States District Court, Western District of New York, Jury Plan, at 7-8 (Oct. 2016), www.nywd.uscourts.gov/sites/default/files/2016%20Jury%20Plan%20-%20FINAL-WebVersion.pdf);

(3) the "Disqualified Report" reflecting those individuals who are statutorily disqualified from service pursuant to 18 U.S.C. § 1865(b); and,

(4) the "Deferred Report" reflecting those individuals who have been granted deferral of jury service to another time period.

**4. Any questionnaires, or at least the name and address, that are returned as undeliverable, and the procedures, if any, followed, or to be followed, to determine whether those prospective jurors are still within the district, and to establish current addresses for them, and obtain their attendance.**

Again, as discussed at the appearance on December 12, 2017, Mr. McIndoo's counsel has refined this request to seek the demographic data information for three jury pools constituted in November 2017, which will likely serve as at least part of the basis for the prospective jurors summoned for jury selection in this case. The information is in an electronic format and will be distributed to Mr. McIndoo's counsel and the Government. Reports will be provided of those individuals from each of the three jury pools who were summoned but did not respond or return the questionnaire. The reports are in the form of Excel spreadsheets reflecting the following data for each individual who did not return a questionnaire with respect to the three jury pools: city/town, zip code, participant number,

jury pool number, gender, age, and county. As mentioned during the appearance, the Court does not possess information about the race of these individuals since they have not returned the questionnaire. The report for this information is titled "Summoned Not Responded." In addition, a separate report broken down by city/town, zip code, participant number, jury pool number, gender, and county, will be provided reflecting the mailings in each jury pool that were returned as undeliverable by the U.S. Postal Service.

> **5. The available information as to the identity, race, and address of those prospective jurors who do not respond to the requests for information or summons, and as to whom mailings have not been returned as undeliverable, and the procedures if any followed, or to be followed, with respect to obtaining compliance with the various requests from the court to those prospective jurors.**

This information is addressed in response to number 4 above.

To the extent that Mr. McIndoo seeks any additional information not covered by the responses set forth above, those requests are denied without prejudice to renewal in the event that Mr. McIndoo files an adequately supported motion under the JSSA, pursuant to 28 U.S.C. § 1867. However, as the Court noted at the appearance on December 12, 2017, this Decision and Order should not be construed as a finding that any such motion would be timely. Section 1867(a) governs the timing of such a challenge brought under the JSSA:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered *or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier*, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

28 U.S.C. § 1867(a) (emphasis added). As one district court observed, "Congress did foresee that such a motion as this could be used for seeking delay in the trial of the case and therefore limited the time for filing such a motion challenging the jury." *United States v. Long*, 88 F.R.D. 701, 703 (W.D. Pa. 1981) (finding motion untimely because defendants filed it more than seven days after the filing of an "affidavit made by the investigator looking into matters concerning the jury system in this district," which tended to show that defendants knew of the grounds on which they brought the motion when the affidavit was filed), *aff'd*, 676 F.2d 688 (3d Cir. 1982). As a result, "[s]trict compliance with the statutory procedures relating to timeliness of the motion is required." *United States v. Stone*, No. CRIM.A. 93-00131, 1993 WL 246047, at *3 (E.D. Pa. June 30, 1993) (concluding that a motion was untimely filed in June 1993 when the challenged practice of supplementing voter lists was made in January 1993 and counsel began representing defendants in April 1993).

### III.   Protective Order

The disclosure of these materials is subject to the following protective order.

First, the materials may only be used in connection with the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures. The materials may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures. **The materials must either be returned to the Court at the commencement of jury selection or counsel must certify that the materials have been destroyed and that no materials have been retained in any duplicative form**. The

Court will file a sealed copy of the records on the docket for purposes of maintaining a record of the production.

Second, consistent with § 1867(f), the materials may not be disclosed, shown or distributed in any manner to third parties. Likewise, the materials may only be disclosed to individuals who have a need to view the materials for purposes of the defined scope of the production, as set forth above.

Third, neither Mr. McIndoo nor any other defendant shall possess the materials at any time, except when reviewing the materials with counsel. The materials may not be carried into or reviewed in any jail facility. The materials may be reviewed by any defendant who is in custody at the courthouse, and arrangements can be made upon request to facilitate any such review.

Finally, any attorney who accesses the materials is personally responsible for not only his or her compliance with this Protective Order, but also his or her client's compliance with the requirements of this Protective Order and compliance by any staff member or other person who is shown the materials consistent with the parameters of this Decision and Order. The materials are being provided to Mr. McIndoo's counsel, but he may provide the materials upon request to counsel for the other five defendants referenced in the above caption, consistent with this Decision and Order. Counsel are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both." 28 U.S.C. § 1867(f).

## IV. Conclusion

For the reasons stated during the appearance on December 12, 2017, and set forth in detail in this Decision and Order, Mr. McIndoo's motion requesting various relief in connection with the empaneling of a jury in this case is granted in part and denied in part. (Dkt. 915).

SO ORDERED.

											_____
											ELIZABETH A. WOLFORD
											United States District Judge

Dated: December 18, 2017
          Rochester, New York